HOLLAND & KNIGHT LLP
Stacey H. Wang (CA Bar No. 245195)
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Fax: 213.896.2450
E-mail: stacey.wang@hklaw.com

Attorneys for Plaintiff,
*Orient Overseas Container Line, Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> BNSF RAILWAY COMPANY and BURLINGTON NORTHERN SANTA FE, LLC, <br><br> Defendants. | Case No.: 2:17-cv-02392 <br><br> **COMPLAINT** |

Plaintiff Orient Overseas Container Line, Ltd. ("OOCL"), by and through their attorneys Holland & Knight LLP, for their Complaint against defendants BNSF Railway Company ("BNSF Railway") and Burlington Northern Santa Fe, LLC ("BNSF Corporate") (collectively "BNSF"), alleges as follows:

## THE INCIDENT

1. On or about June 28, 2016, two trains operated, controlled, leased, and/or owned by BNSF collided in Panhandle, Texas, resulting in the death of three crew members, a significant fire, loss of certain cargo, and damage or delay to other cargo and containers (the "Incident").

2. At the time of the Incident, OOCL owned 191 containers onboard BNSF Eastbound Train S-LACLPCI-26K.

COMPLAINT

3. At the time of the Incident, 54 containers were onboard BNSF Eastbound Train S-LACLPCI-26K pursuant to intermodal bills of lading issued by OOCL for carriage of certain goods from ports in Asia to various Midwest cities in the United States.

4. As a result of the Incident, OOCL has received, or expects to receive, numerous claims from the shippers, consignees, cargo underwriters, or other parties with interests in the cargo and/or containers which were shipped pursuant to OOCL intermodal bills of lading and lost and/or damaged during the Incident.

5. OOCL brings this action against BNSF to recover for loss and/or damage to OOCL-owned containers involved in the Incident, and the amounts owed and owing to the shippers, consignees, cargo underwriters, or other parties with interests in the cargo and/or containers shipped pursuant to OOCL intermodal bills of lading and lost and/or damaged during the Incident.

**PARTIES**

6. Plaintiff OOCL was and is a foreign corporation organized and existing under the laws of Hong Kong with an office located at 31/F, Harbour Centre 25 Harbour Road, Wanchai Hong Kong. OOCL is engaged in business as a common carrier of merchandise by water for hire.

7. Upon information and belief, defendant BNSF Railway was and is a foreign corporation organized and existing under the laws of the State of Delaware, with an office located at 2650 Lou Menk Drive, Fort Worth, TX 76131-2830, and is primarily engaged in the freight rail transportation business as a common carrier of goods by rail for hire, with an agent for service of process in this District.

8. Upon information and belief, defendant BNSF Corporate was and is a foreign corporation organized and existing under the laws of the State of Delaware, with an office located at 2650 Lou Menk Drive, Fort Worth, TX 76131-2830, and is primarily engaged in the freight rail transportation business as a common carrier of goods by rail for hire.

## JURISDICTION & VENUE

9. This action arises out of the Court's federal question jurisdiction (28 U.S.C. § 1331 and 49 U.S.C. § 14706) and/or supplemental jurisdiction (28 U.S.C. § 1367) as hereinafter more fully appears.

10. Venue is proper here within the meaning of 28 U.S.C. § 1391 and 49 U.S.C. 11706(d)(2). Defendants BNSF reside within this District within the meaning of 28 U.S.C. § 1391(c). Defendants BNSF operate, control, lease, or own a railroad or a route within this District.

11. BNSF's Intermodal Rules and Policies Guide provide: "All loss or damages suits filed against BNSF shall be filed in a United Stated Federal District Court in the location of the shipment's origination or termination on BNSF."

12. As more fully set forth below, the subject shipments of this action originated on BNSF in this District.

## FACTS

13. In or around June 2016, certain cargo and containers were discharged by the vessels OOCL HO CHI MINH, MOL CREATION, OOCL MEMPHIS, NORO, NYK AQUARIUS, and MSC SANDRA (the "Vessels") at the port of Long Beach, California, and there it was delivered into the hands of BNSF in good order and condition.

14. The cargo and containers were shipped pursuant to intermodal bills of lading issued by OOCL.

15. Pursuant to the bills of lading, OOCL undertook to transport (or arrange for transportation of) the cargo and containers by the Vessels from certain ports of loading in Asia to the discharge port of Long Beach, California, and then to certain places of delivery in the United States (namely Chicago, IL; Findlay, OH; De Kalb, IL; Franklin Park, IL; Crawfordsville, IN; and Sheboygan Falls, WI).

16. At Long Beach, California, the cargo and containers were delivered to BNSF in good order and condition.

17. BNSF accepted the cargo and containers and, in consideration of certain agreed freight charges thereupon paid or agreed to be paid, BNSF further agreed to transport and carry said cargo and containers via rail, and there deliver the cargo and containers in like good order and condition.

18. At Long Beach, California, the cargo and containers were entrained on BNSF Eastbound Train S-LACLPC1-26K.

19. All portions of the carriage were part of an international and interstate transportation of goods pursuant to through bills of lading issued by OOCL.

20. On or about June 28, 2016, BNSF Eastbound Train S-LACLPC1-26K collided with BNSF Westbound Train Q-CHISBD6-27L in Panhandle, Texas. *See* NTSB Preliminary Report, attached hereto as Exhibit 1.

21. According to the NTSB Preliminary Report, just before the Incident, BNSF Eastbound Train S-LACLPC1-26K, failed to reduce speed to 40 mph at a yellow approach signal and then failed to stop at a red stop signal. *See* Ex. 1.

22. As a result of the Incident, BNSF failed to make delivery of some of the cargo and containers and/or failed to make delivery of the cargo and containers in like good order and condition.

23. BNSF's failure to deliver the cargo and containers and/or failure to deliver the cargo and containers in like good order and condition are violations of the obligations and duties of common carriers of merchandise by rail for hire, including their failure to perform their services with respect to the cargo and containers in a careful, workmanlike manner; their failure and/or negligence to properly inspect, maintain, and repair their rail lines; and their failure and/or negligence to properly hire and train locomotive conductors and engineers.

24. OOCL, as the owner of certain containers aboard, has incurred damages in replacing and/or repairing the damaged and lost containers.

25. OOCL, as the bill of lading issuer for the cargo, has incurred, and will continue to incur, losses as a result of the damage and/or loss to the cargo.

26. OOCL brings this action on its own behalf and as an agent, trustee, assignee, or subrogee, on behalf of, and for, the interest of all parties interested in and who were damaged as a result of the Incident and the damage and/or loss to the physical containers and to the cargo, as their respective interests may ultimately appear, and OOCL is duly entitled to maintain this action.

27. OOCL has performed all conditions on its part to be performed.

28. By reason of the foregoing, OOCL has sustained damage to its own containers and has an outstanding claim against BNSF for damage to its own property in the amount of no less than $311.00 as can be presently calculated, and OOCL has sustained or will sustain damages arising out of loss or damage to the cargo set forth in Annex A, as nearly as the same can now be estimated, in a sum at or exceeding $1,587,468.80, plus interests and costs (the "Cargo"). *See* Annex A.[1]

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

29. OOCL incorporates paragraphs 1-28, as though the same have been set forth herein.

30. OOCL and BNSF entered into a transportation contract, pursuant to which BNSF Railway undertook to exercise reasonable care when in the possession of OOCL's containers and all cargo consigned by OOCL to BNSF.

31. The terms of the transportation contract are set forth in BNSF Railway's Intermodal Rules and Policies Guide, effective July 1, 2008, as updated. The current BNSF Intermodal Rules and Policies Guide can be found at: https://www.bnsf.com/customers/pdf/intermodal-r-and-pg.pdf.

32. Pursuant to the transportation contract, BNSF had a duty to exercise reasonable care when in the possession of OOCL's containers and to deliver them in the same good order and condition as when the same were received.

---

[1] On information and belief, BNSF has settled directly and/or reimbursed OOCL for damages incurred to certain cargo and containers. The Cargo set forth in Annex A and the damages of $311 represent the outstanding claims for which BNSF has not settled or reimbursed OOCL.

33. BNSF took possession and control of certain OOCL containers and the Cargo in good order and condition at Long Beach and/or Los Angeles, California.

34. OOCL performed all conditions required under the transportation contract and the BNSF Intermodal Rules and Policies Guide.

35. BNSF breached the transportation contract by failing to deliver the OOCL containers and/or Cargo in the same good order and condition as when it was received.

36. By reason of the foregoing, OOCL has sustained damage to its own containers and has an outstanding claim against BNSF for damage to its own property in the amount of $311.00, and OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo, as nearly as the same can now be estimated, in a sum at or exceeding $1,587,468.80, plus interests and costs. *See* Annex A.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT AND DUTIES UNDER
## CARMACK AMENDMENT AND STAGGERS RAIL ACT

37. OOCL incorporates paragraphs 1 - 36, as though the same have been set forth herein.

38. BNSF was a rail carrier within the meaning of the Carmack Amendment, 49 U.S.C. § 11706, *et seq.*, and 49 U.S.C. § 14706, and the Staggers Rail Act of 1980.

39. BNSF breached its duty of a rail carrier under the Act and the contracts of carriage by failing to deliver the containers and Cargo in the same good order and condition as when the same were received.

40. By reason of the foregoing, OOCL has sustained damage to its own containers and has an outstanding claim against BNSF for damage to its own property in the amount of $311.00, and OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo, as nearly as the same can now be

- 6 -
COMPLAINT

estimated, in a sum at or exceeding $1,587,468.80, plus interests and costs. *See* Annex A.

### THIRD CAUSE OF ACTION
### NEGLIGENCE

41. OOCL incorporates paragraphs 1 - 40, as though the same have been set forth herein.

42. BNSF, directly or through their employees, agents, or independent contractors, as a common carrier of merchandise for hire, had a duty to properly stow, handle, care, and transport OOCL's containers and the Cargo from Long Beach, California to the place of delivery.

43. BNSF failed to carry and deliver OOCL's containers and the Cargo such as was reasonably required and would be sufficient to prevent the loss or damage to the Cargo.

44. In causing or allowing the Incident to occur and the resultant damage to OOCL's containers and the Cargo, BNSF breached their duty of reasonable care.

45. By reason of the foregoing, OOCL has sustained damages to its own containers and has an outstanding claim against BNSF for damage to its own property in the amount of $311.00, and OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo, as nearly as the same can now be estimated, in a sum at or exceeding $1,587,468.80, plus interests and costs. *See* Annex A.

### FOURTH CAUSE OF ACTION
### BAILMENT

46. OOCL incorporates paragraphs 1 - 45, as though the same have been set forth herein.

47. BNSF, at all relevant times acted as a carrier of goods for hire by rail and/or a bailee and/or otherwise had a duty of care for OOCL's containers and the Cargo while the same was in their custody.

48. The containers and the Cargo were personal property that was delivered into the possession, custody, and control of BNSF, whereby a bailment arose.

49. BNSF, through their contractors, agents, servants, or sub-bailees, warranted and had a legal duty to safely keep, care for, and deliver the containers and the Cargo in the same condition as when it was entrusted to them.

50. While the Cargo was in BNSF's possession, the containers and the Cargo were damaged and/or lost because of the Incident caused by BNSF's action or inaction.

51. BNSF breached its obligations as a carrier of goods for hire by rail and/or a bailee and failed to deliver the OOCL containers and the Cargo in as complete or as good condition as when the same was entrusted to them.

52. By reason of the foregoing, OOCL has sustained damage to its own containers and has an outstanding claim against BNSF for damage to its own property in the amount of $311.00, and OOCL has sustained or will sustain damages arising out of loss or damage to the Cargo, as nearly as the same can now be estimated, in a sum at or exceeding $1,587,468.80, plus interests and costs. *See* Annex A.

## FIFTH CAUSE OF ACTION
## CONTRIBUTION & INDEMNITY

53. OOCL incorporates paragraphs 1 - 52, as though the same have been set forth herein.

54. OOCL performed all conditions on its part to be performed under the intermodal bills of lading.

55. Any damage to the Cargo set forth in Annex A flows directly from the acts and/or omissions of BNSF.

56. OOCL has and/or will deny liability with respect to any and all damage to the Cargo set forth in Annex A. However, if it is adjudged that OOCL is liable to the shippers, consignees, cargo underwriters, or other parties with interests in the

Cargo, OOCL shall be entitled to recover from BNSF, in contribution or indemnity, all losses, damages or expenses, including attorneys' fees to the extent recoverable by statute or common law, as a result of the claims made by Cargo interests against OOCL.

## ALTERNATIVE SIXTH CAUSE OF ACTION
## BREACH OF CONTRACT AND OF DUTIES UNDER COGSA

57. OOCL incorporates paragraphs 1 - 56, as though the same have been set forth herein.

58. BNSF was a common carrier of merchandise within the meaning of the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *note*, formerly 46 U.S.C. § 1300, *et seq.* ("COGSA"), for the carriage of goods by sea. As a common carrier of merchandise, BNSF had a duty to exercise reasonable care while the containers and Cargo were in its possession and control.

59. BNSF breached its duties as a carrier under that Act when the goods were destroyed and or damaged as a result of the collision.

60. By reason of the foregoing, OOCL has sustained or will sustain damages, as nearly as the same can now be estimated, in a sum up to or exceeding $1,587,468.80, plus interests and costs.

**WHEREFORE**, Plaintiff Orient Overseas Container Line, Ltd. prays:

1. That judgment may be entered in favor of OOCL against Defendants BNSF Railway Company and Burlington Northern Santa Fe, LLC in a sum no less than $1,587,779.80 ($311 + $1,587,468.80), together with interest and costs, and the disbursements of this action;

2. For attorneys' fees as permitted by statute and common law; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

| | | |
|---|---|---|
| 1 | DATED: MARCH 28, 2017 | HOLLAND & KNIGHT LLP |
| 2 | | /s/ *Stacey H. Wang* |
| 3 | | Stacey H. Wang |
| 4 | | |
| 5 | | Attorneys for Plaintiff, *Orient Overseas Container Line, Ltd.* |
| 6 | | Of Counsel: Holland & Knight New York |
| 7 | | Christopher R. Nolan (*pro hac vice* application anticipated) |
| 8 | | K. Blythe Daly (*pro hac vice application* anticipated) |

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

## ANNEX A

| Container No. | Bill of Lading No. | Estimated Damages | Cargo Disposition | Load Port | Vessel | Discharge Port | Intended Place of Delivery |
|---|---|---|---|---|---|---|---|
| OOLU 7287097 | OOCL 2574083750 | $164,950.64 | Loss | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | Chicago, IL |
| OOLU 7318367 | OOCL 2022579250 | $ 71,639.36 | Loss | Laem Chabang | MOL CREATION | Los Angeles | Chicago, IL |
| OOLU 2173928 | OOCL 2022714010 | $515,371.61 | Loss | Yantian | OOCL HO CHI MINH CITY | Long Beach | Chicago, IL |
| OOLU 9628398 | OOCL 4023355870 | $150,939.89 | Loss | Tokyo | NORO | Los Angeles | Findlay, OH |
| OOLU 0249916 | OOCL 2573798330 | $ 60,251.57 | Loss | Kaohsiung | OOCL MEMPHIS | Long Beach | Chicago, IL |
| OOLU 8343805 | OOCL 2573494050 | $ 65,000.00 | Loss | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | De Kalb, IL |
| OOLU 8547394 | OOCL 2573494051 | $ 65,000.00 | Loss | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | De Kalb, IL |
| TCLU 8589045 | OOCL 2573494051 | $ 65,000.00 | Loss | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | De Kalb, IL |
| OOLU 7815321 | OOCL 2574073120 | $ 42,820.58 | Damage | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | Chicago, IL |
| OOLU 018901 | OOCL 2572731690 | $114,311.34 | Damage | Cai Mep | MOL CREATION | Long Beach | Chicago, IL |
| OOLU 4373360 | OOCL 2574100350 | $189,867.95 | Damage | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | Chicago, IL |
| OOLU 0548265 | OOCL 2573102440 | $ 22,000.00 | Damage | Kaohsiung | OOCL HO CHI MINH CITY | Long Beach | Franklin Park, IL |
| OOLU 1527077 | OOCL 2022713420 | unknown | Damage | Hong Kong | OOCL HO CHI MINH CITY | Long Beach | Chicago, IL |
| OOLU 7719863 | OOCL 4038492166 | unknown | Damage | Hong Kong | OOCL HO CHI MINH CITY | Long Beach | Crawfordsville, IN |
| OOLU 188730 | OOCL 2573048770 | $ 38,316.10 | Damage | Laem Chabang | MOL CREATION | Los Angeles | Sheboygan Falls, WI |
| OOLU 040255 | OOCL 2573873460 | $ 22,000.00 | Damage | Hong Kong | OOCL HO CHI MINH CITY | Long Beach | Franklin Park, IL |

Total Estimated Cargo Damage: $1,587,468.80.

COMPLAINT

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450