Leslie G. McMurray, S.B. No. 156263
LAW OFFICES OF LESLIE G. MCMURRAY
400 Dick Smith Road
Fortuna, California 95540-9267
Ph:  (707) 725-8616; Fax:  (888) 958-0984
E-mail: lmcmurray@mcmurray-law.com
   Attorney for Defendant
   BNSF RAILWAY COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ORIENT OVERSEAS CONTAINER LINE, LTD.,<br><br>               Plaintiff,<br><br>vs.<br><br><br>BNSF RAILWAY COMPANY and BURLINGTON NORTHERN SANTA FE, LLC,<br>               Defendants. | ) Case No.: 2:17-cv-02392-JFW-JEM<br>)<br>)<br>)<br>) **ANSWER OF DEFENDANT**<br>) **BNSF RAILWAY COMPANY**<br>) **TO THE COMPLAINT OF**<br>) **PLAINTIFF ORIENT OVERSEAS**<br>) **CONTAINER LINE, LTD.**<br>)<br>)<br>)<br>)<br>) |

     COMES NOW defendant BNSF RAILWAY COMPANY("BNSF" or "Defendant"), by and through its legal counsel, and as an Answer to the Complaint filed by Plaintiff ORIENT OVERSEAS CONTAINER LINE, LTD. ("OOCL") in the above captioned matter, asserts the following:

1.      Answering Paragraph 1 of Plaintiff's Complaint, BNSF admits that on June 28, 2016, two trains being operated by BNSF Railway Company crew and carrying various containers and cargo collided in Panhandle, Texas, that a fire ensued, and that three BNSF Railway Company crew members died.  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 1 of the Plaintiff's Complaint, and therefore, such allegations are denied.  The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit.  BNSF reserves the right to supplement and/or amend this Answer upon completion of the BNSF Railway Company investigation, as well as the NTSB's investigation.

2.      Answering Paragraph 2 of Plaintiff's Complaint, BNSF is  without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and therefore, such allegations are denied.

3.      Answering Paragraph 3 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore, such allegations are denied.

4.      Answering Paragraph 4 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 4 of the Complaint, and therefore, such allegations are denied.

5.      Answering Paragraph 5 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore, such allegations are denied.

6.      Answering Paragraph 6 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore, such allegations are denied.

7.      Answering Paragraph 7 of Plaintiff's Complaint, BNSF admits that BNSF Railway Company is a corporation existing under the laws of the State of Delaware with an office at 2650 Lou Menk Drive, Fort Worth, TX 76131-2830, that it is primarily engaged in freight rail transportation as a carrier of goods by rail for hire, and that it has an agent for service of process in the Central District of California. BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 7 of the Complaint, and therefore, such allegations are denied.

8.      Answering Paragraph 8 of Plaintiff's Complaint, BNSF admits that BURLINGTON NORTHERN SANTA FE, LLC is a corporation existing under the laws of the State of Delaware with an office at 2650 Lou Menk Drive, Fort Worth,

TX 76131-2830 but BNSF denies that BURLINGTON NORTHERN SANTA FE, LLC is engaged in the freight rail transportation business as a common carrier of goods for hire and BNSF denies that BURLINGTON NORTHERN SANTA FE, LLC has an agent for service of process in the Central District of California or anywhere within California. BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of Paragraph 8 of the Complaint, and therefore, such remaining allegations are denied. [1]

9.     Answering Paragraph 9 of Plaintiff's Complaint, BNSF lacks information sufficient to admit or deny that this Court has subject matter jurisdiction under 28 U.S.C. section 1331 and 49 U.S.C. section 14706 as such jurisdiction is alleged in Paragraph 9 of OOCL's Complaint and therefore denies such allegations.  Although OOCL has included within the four corners of its Complaint, allegations that it has claims against BNSF under 49 U.S.C. section 14706, the damages which plaintiff has alleged it has actually sustained to date (as opposed to those it 'may' sustain at some future point) are alleged to be $311.00. Under 28 U.S.C. 1337(a):

---

[1] Defendant BURLINGTON NORTHERN SANTA FE, LLC was voluntarily dismissed out of the Complaint by OOCL on 6/14/17. See ECF # 18.  However, since factual allegations nevertheless remain stated in the Complaint relating to that dismissed entity, out of an abundance of caution that no such statements be deemed admitted for lack of a response by BNSF as to such allegations, BNSF responds to such allegations in this Answer.

1

2

3

> "....the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $ 10,000, exclusive of interest and costs."

4

5

6

7

8

9

10

11

12

BNSF admits that, if this Court has original subject matter jurisdiction over this matter by virtue of federal question subject matter jurisdiction, this Court is empowered to determine whether it will elect to exercise supplemental jurisdiction over any non-federal claims contained within OOCL's Complaint pursuant to 28 U.S.C. Section 1367.  The remaining allegations within paragraph 9 of OOCL's Complaint are denied.

13

14

15

16

17

18

19

20

21

22

23

10.    Answering Paragraph 10 of Plaintiff's Complaint, BNSF admits that BNSF Railway Company operates, controls and owns a railroad or a rail route within the judicial district entitled the Central District of California.  BNSF denies however, that BURLINGTON NORTHERN SANTA FE, LLC operates, controls and owns a railroad or a rail route within the judicial district entitled the Central District of California.  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of the Paragraph 10 of Plaintiff's Complaint, and therefore, such allegations are denied.

24

25

11.    Answering Paragraph 11 of Plaintiff's Complaint, BNSF responds that as stated, the allegations in Paragraph 11 are denied.

26

27

28

12.    Answering Paragraph 12 of Plaintiff's Complaint, BNSF is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore, such allegations are denied.

13.     Answering Paragraph 13 of Plaintiff's Complaint,  BNSF denies that the cargo and containers were delivered to BURLINGTON NORTHERN SANTA FE, LLC, denies that they were delivered to BNSF Railway Company in Long Beach, California; and BNSF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint, and therefore, such allegations are denied.

14.     Answering Paragraph 14 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore, such allegations are denied.

15.     Answering Paragraph 15 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore, such allegations are denied.

16.     Answering Paragraph 16 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore, such allegations are denied.

17.     Answering Paragraph 17 of Plaintiff's Complaint, BNSF admits that BNSF Railway Company received the cargo and containers for carriage from BNSF Railway Company's shipper under agreed upon contractual terms; however, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of allegations in Paragraph 17 of the Plaintiff's Complaint, and therefore, such allegations are denied.

18.     Answering Paragraph 18 of Plaintiff's Complaint, BNSF denies the allegations of Paragraph 18 of Plaintiff's Complaint.

19.     Answering Paragraph 19 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore, such allegations are denied.

20.     Answering Paragraph 20 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore, such allegations are denied.  The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit. BNSF reserve the right to supplement and/or amend this Answer upon completion of their investigation, as well as the NTSB's investigation.

21.     Answering Paragraph 21 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 21 of the Complaint, and therefore, such allegations are denied. The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit. BNSF reserves the right to supplement and/or amend this Answer upon completion of their investigation, as well as the NTSB's investigation.

22.     Answering Paragraph 22 of Plaintiff's Complaint, BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore, such allegations are denied. The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit. BNSF reserves the right to supplement and/or amend this Answer upon completion of their investigation, as well as the NTSB's investigation.

23.     Answering Paragraph 23 of Plaintiff's Complaint, BNSF denies the allegations of Paragraph 23 of Plaintiff's Complaint.

24.     Answering Paragraph 24 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and therefore, such allegations are denied.

25.     Answering Paragraph 25 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 25 of the Complaint, and therefore, such allegations are denied.

26.     Answering Paragraph 26 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore, such allegations are denied.

27.     Answering Paragraph 27 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore, such allegations are denied.

28.     Answering Paragraph 28 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 28 of the Plaintiff's Complaint.

## **FIRST CAUSE OF ACTION**

### (ALLEGED BREACH OF CONTRACT)

29.     Answering Paragraph 29 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference their prior responses to the allegations of the Plaintiff's Complaint.

30.     Answering Paragraph 30 of Plaintiff's Complaint,  BNSF admits that a contract existed between BNSF Railway Company and its shipper of record concerning carriage of the cargo at issue in this action; but BNSF denies the remaining allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31.    Answering Paragraph 31 of Plaintiff's Complaint,  BNSF admits that the current version of the BNSF Intermodal Rules And Policies Guide can be viewed on the public website of the BNSF Railway Company; BNSF denies the remaining allegations of paragraph 31 of Plaintiff's Complaint.

32.    Answering Paragraph 32 of Plaintiff's Complaint,  BNSF denies such allegations.

33.    Answering Paragraph 33 of Plaintiff's Complaint,  BNSF admits that BNSF Railway Company took possession of certain containers and cargo at Los Angeles, California.  BNSF denies that BURLINGTON NORTHERN SANTA FE LLC took possession of any containers or cargo at any time. BNSF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33 of the Plaintiff's Complaint, and therefore, such remaining allegations are denied.

34.    Answering Paragraph 34 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Plaintiff's Complaint, and therefore, such allegations are denied.

35.    Answering Paragraph 35 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 35 of the Complaint.

36.    Answering Paragraph 36 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 36 of the Complaint.

**SECOND CAUSE OF ACTION**

(ALLEGED BREACH OF CONTRACT AND

DUTIES UNDER CARMACK AMENDMENT AND STAGGERS RAIL ACT)

37.    Answering Paragraph 37 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference its prior responses to the allegations of the Complaint.

38.    Answering Paragraph 38 of Plaintiff's Complaint, defendant BNSF Railway Company admits generally that BNSF Railway Company functions as a rail carrier; however, BNSF is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint, and therefore, such allegations are denied.

39.    Answering Paragraph 39 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 39 of the Complaint.

40.    Answering Paragraph 40 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 40 of the Complaint.

**THIRD CAUSE OF ACTION**

(ALLEGED NEGLIGENCE)

41.    Answering Paragraph 41 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference its prior responses to the allegations of the Complaint.

42.    Answering Paragraph 42 of Plaintiff's Complaint, BNSF asserts

that the duties of BNSF Railway Company regarding the carriage at issue in the Complaint are set forth within the governing contract(s) of carriage; BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore, such allegations are denied.

43.     Answering Paragraph 43 of Plaintiff's Complaint,  BNSF denies the allegations of paragraph 43.  The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit. BNSF reserves the right to supplement and/or amend this Answer upon completion of their investigation, as well as the NTSB's investigation.

44.     Answering Paragraph 44 of Plaintiff's Complaint,  BNSF denies the allegations of paragraph 44.

45.     Answering Paragraph 45 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 45 of the Complaint.

## **FOURTH CAUSE OF ACTION**

### (ALLEGED BAILMENT)

46.     Answering Paragraph 46 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference its prior responses to the allegations of the Complaint.

47.     Answering Paragraph 47 of Plaintiff's Complaint, BNSF denies

the allegations of Paragraph 47 of Plaintiff's Complaint.  The duties of BNSF Railway Company regarding its carriage of the cargo at issue in the Complaint are delineated by the terms of the governing contract(s) of carriage and the governing law.

48.     Answering Paragraph 48 of Plaintiff's Complaint,  BNSF denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49.     Answering Paragraph 49 of Plaintiff's Complaint,   BNSF denies the allegations of Paragraph 49 of Plaintiff's Complaint.

50.     Answering Paragraph 50 of Plaintiff's Complaint,  BNSF denies the allegations of Paragraph 50 of Plaintiff's Complaint.

51.     Answering Paragraph 51 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 51 of Plaintiff's Complaint.

52.     Answering Paragraph 52 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 52 of Plaintiff's Complaint.

## **FIFTH CAUSE OF ACTION**

### (ALLEGED CONTRIBUTION AND INDEMNITY)

53.     Answering Paragraph 53 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference their prior responses to the allegations of the Complaint.

54.     Answering Paragraph 54 of Plaintiff's Complaint, BNSF is

without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Plaintiff's Complaint, and therefore, such allegations are denied.

55.     Answering Paragraph 55 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 55 of the Plaintiff's Complaint.

56.     Answering Paragraph 56 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 56 of the  Plaintiff's Complaint.

## ALTERNATIVE SIXTH CAUSE OF ACTION

(ALLEGED BREACH OF CONTRACT AND OF DUTIES UNDER COGSA)

57.     Answering Paragraph 57 of Plaintiff's Complaint, BNSF reasserts and incorporates by reference their prior responses to the allegations of the Complaint.

58.     Answering Paragraph 58 of Plaintiff's Complaint,  BNSF is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the  Plaintiff's Complaint, and therefore, such allegations are denied.

59.     Answering Paragraph 59 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 59 of the  Plaintiff's Complaint.

60.     Answering Paragraph 60 of Plaintiff's Complaint,  BNSF denies the allegations within Paragraph 60 of the  Plaintiff's Complaint.

61.     BNSF hereby denies any and all liability to Plaintiff. Any

allegation made within Plaintiff's Complaint not responded to above is hereby

denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

62.   The Complaint and each and every cause of action therein fails to

state facts sufficient to constitute a cause of action against BNSF.

## SECOND AFFIRMATIVE DEFENSE

63.   BNSF alleges in the alternative, that this suit is not filed in the proper

venue and/or has been filed in an inconvenient venue.

## THIRD AFFIRMATIVE DEFENSE

64.   This action is premature and unripe, and as it pertains to any

allegations of suits which may at some future point be brought against OOCL, it is

impermissibly speculative and improperly requests an advisory opinion from the

Court, as on information and belief, OOCL has not yet been sued by any of its

shippers of record or others relating to the alleged damage to the cargo referenced

in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

65.   Plaintiff lacks standing and/or is not the proper party, pursuant to the

terms of the governing contracts and/or as a matter of law, to sue BNSF, and/or is

prohibited from suing BNSF for itself or on behalf of other entities who are not

BNSF Railway Company's shipper of record.

1

## FIFTH AFFIRMATIVE DEFENSE

2

3

66.     To the extent that the carriage of the cargo at issue was part of

4

through carriage from a foreign country to a destination within the U.S. which

5

entailed substantial ocean carriage, maritime law governs and BNSF is entitled to

6

7

all of the benefits and protections both contractually, and under maritime law for

8

generally, including the absence of any right of plaintiff to a jury trial, and the

9

preemption of any and all state law claims by the Carriage of Goods by Sea Act.

10

See *Norfolk Southern R. Co.* v. *James N. Kirby, Pty Ltd.*, 543 U.S. 14, 29, 125 S.

11

12

Ct. 385, 160 L. Ed. 2d 283 (2004), and *Kawasaki Kisen Kaisha Ltd., et al., v.*

13

*Regal-Beloit Corporation et al.*, *Union Pacific Railroad Company, Petitioner v.*

14

15

*Regal-Beloit Corporation et al.* (Nos. 08-1553 and 08-1554), 561 U.S. 89; 130 S.

16

Ct. 2433; 177 L. Ed. 2d 424 (2010).

17

## SIXTH AFFIRMATIVE DEFENSE

18

19

67.     In the alternative, each of Plaintiff's state law claims including but not

20

limited to claims for breach of contract, breach of alleged bailment, contribution,

21

22

indemnity, and/or negligence, are preempted by federal law including, but not

23

limited to the Interstate Commerce Commission Termination Act of 1995

24

("ICCTA"), the Federal Aviation Administration Authorization Act of 1994

25

26

(FAAAA), the Federal Railroad Safety Act ("FRSA") and/or to the extent that it is

27

held to apply to the rail carriage within the United States, the Carmack

28

Amendment.

## SEVENTH AFFIRMATIVE DEFENSE

68.    Any and all tort claims pled by Plaintiff in its Complaint are subsumed by the contract(s) of carriage which govern the rights and duties of the interested parties thereunder for "...when a "contract specifically defines the rights and duties of the parties" any claimed breach of an "extra contractual tort duty" is precluded." *Elliott Indus. v. BP Am. Prod. Co*., 407 F.3d 1091, 1116 (10th Cir. 2005); *Ft. Vancouver Plywood Co. v. U.S.,* 747 F.2d 547, 550-551 (9th Cir. 1984); *Woodbury v. U.S.,* 313 F.2d291, 296 (9th Cir. 1963).

## EIGHTH AFFIRMATIVE DEFENSE

69.    Plaintiff's Complaint must be dismissed for failure of an absolute condition precedent, namely, the lack of timely, adequate and/or properly filed claim or claims for cargo loss or damage with BNSF Railway Company pursuant to the governing contract terms and/or as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

70.    Plaintiff's action is time barred for having been filed after the permissible period within which suit might have been filed under the governing law and/or terms of the governing contract(s) of carriage.

## TENTH AFFIRMATIVE DEFENSE

71.    BNSF's liability to Plaintiff, if any, is limited by the terms of the contract(s) of carriage which BNSF claims the benefits of.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ELEVENTH AFFIRMATIVE DEFENSE

72.     If the cargo sustained any damage, such damage, and/or any portion thereof, was not caused by BNSF, but by an act or omission of another and/or by a cause not under the control of BNSF and/or owing to no fault, in whole or in part, of BNSF.

### TWELFTH AFFIRMATIVE DEFENSE

73.     Damage to the subject cargo, if any, was not caused by BNSF, but arose from a cause or causes from which BNSF is expressly exempted from liability by the terms and conditions of the contract(s) of carriage and/or pursuant to the applicable law.

### THIRTEENTH AFFIRMATIVE DEFENSE

74.     Plaintiff and/or others whose actions will be ascribed to plaintiff failed to mitigate damages, whether in whole or in part.

### FOURTEENTH AFFIRMATIVE DEFENSE

75.     Even if plaintiff is the proper party, which is contested, plaintiff is not entitled to pursue and/or recover any damages which are expressly precluded from recovery by the terms of the governing contract(s) of carriage and/or by operation of law including, but not limited to, consequential damages, lost profits, attorneys fees, speculative damages, claims in excess of any and all applicable limitations of liability and/or claims for amounts under $500.00.

## FIFTEENTH AFFIRMATIVE DEFENSE

76.   Plaintiff is precluded from recovery under the doctrine of latches.

## SIXTEENTH AFFIRMATIVE DEFENSE

77.   Plaintiff is precluded from recovery under the doctrines of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

78.   Plaintiff is estopped from recovering damages, if any, from BNSF based on the principles of estoppel and/or waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

79.   Plaintiff has released all rights, if any, that it may have had to seek relief from BNSF.

## NINETEENTH AFFIRMATIVE DEFENSE

80.   Plaintiff's claims are barred by failure to join indispensable and/or necessary party or parties.

## TWENTIETH AFFIRMATIVE DEFENSE

81.   To the extent that the terms of any OOCL bill of lading, tariff and/or other contract or document governing the carriage of the cargo, or any of it, are extended to BNSF, BNSF claims the protection and benefits of all such terms, including but not limited to, clauses relating to BNSF rights to claim the benefits of insurance, any and all limitations on liability including without limitation, any limitations of liability under the Carriage of Goods by Sea ("COGSA") or other

applicable statutory scheme, and/or any other limitations on liability, and/or under any covenants not to sue, and/or under any provisions affecting the required forum for filing suit and/or under any provisions mandating the proper law to be applied to any disputes which Plaintiff has raised in the within action and/or any defenses thereto.

### TWENTY FIRST AFFIRMATIVE DEFENSE

82.    A claim for indemnification will not lie where the indemnitee has no potential liability requiring indemnification.

### TWENTY SECOND AFFIRMATIVE DEFENSE

83.    Alternatively, BNSF Railway Company is entitled to the benefits of any insurance policy covering the alleged cargo losses as a matter of contract and/or as a matter of law, including, but not limited to, any contract of insurance secured by OOCL or others, and/or by its agents and servants, whether secured as a condition of the governing contract of carriage or otherwise, which covers the cargo and/or the containers or carriage of the same.

### TWENTY THIRD AFFIRMATIVE DEFENSE

84.    BNSF reserves the right to assert additional affirmative defenses as may become apparent during the course of these proceedings.  The National Transportation Safety Board ("NTSB") and BNSF Railway Company continue to investigate the incident made the basis of this suit.  Accordingly, BNSF reserves

the right to supplement and/or amend this Answer upon completion of their

investigation, as well as the NTSB's investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, the foregoing premises and each of them considered, BNSF

prays that this matter be dismissed, that Plaintiff take nothing of or from BNSF as

a result of its Complaint filed herein, and that BNSF be awarded reimbursement

for its costs of suit and such other and further relief at law or equity to which this

honorable Court deems just and equitable.

Dated:        June 14, 2017                    LAW OFFICES OF
                                               LESLIE G. MCMURRAY

                                     By:    *s/  Leslie G. McMurray*
                                               Leslie G. McMurray
                                               Counsel for Defendant
                                               BNSF RAILWAY COMPANY

**CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 Dick Smith Road, Fortuna, CA 95540-9267.  I caused the foregoing document to be served as follows:

[X] (By Electronic Transfer to the CM/ECF System) In accordance with Federal Rules of Civil Procedure 5(d) (3), Local Rule 5-4, and the U.S. District Court of the Central District's General Order governing electronic filing, I uploaded via electronic transfer a true and correct copy scanned into an electronic file in Adobe "pdf" format of the above-listed documents to the United States District Court Central District of California's Case Management and Electronic Case Filing (CM/ECF) system on this date. It is my understanding that by transmitting these documents to the CM/ECF system, they will be served on all parties of record according to the preferences chosen by those parties within the CM/ECF system.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 14, 2017 at Fortuna, California.

/s/ Leslie McMurray
Leslie G. McMurray